UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-81524-Cannon/Reinhart

NEUROSURGICAL CONSULTANTS OF
SOUTH FLORIDA, LLC

        Plaintiff,

v.

AETNA HEALTH AND LIFE INSURANCE
COMPANY, a foreign profit corporation,

        Defendant.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon Defendant's Motion to Strike Plaintiff's Demand for Attorneys' Fees (ECF No. 10), which was referred for a report and recommendation by United States District Judge Aileen M. Cannon (ECF No. 14). I have reviewed the motion, response (ECF No. 15), and reply papers (ECF No. 18). For the reasons set forth below, I **RECOMMEND** that Defendant's Motion to Strike be **DENIED.**

## BACKGROUND

Plaintiff, a medical provider, brought this action alleging Aetna's failure to reimburse certain charges for emergency medical care. ECF No. 1-2. Plaintiff originally filed the case in state court and included a demand for attorneys' fees pursuant to two Florida statutes, Fla. Stat. § 641.28 and § 627.428. ECF No. 1-2 ¶ 14. Aetna removed the case to this Court and now moves to strike the demand for attorneys' fees pursuant to Fed. R. Civ. P. 12(f). ECF No. 10.

**DISCUSSION**

Rule 12(f) is used to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Its purpose "is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017). "A motion to strike is a drastic remedy, which is disfavored by the courts and will be usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *JazAtlanta 519 LLC v. Beazley Underwriting, Ltd.*, No. 18-CV-60498, 2018 WL 4743634, at *1 (S.D. Fla. Oct. 2, 2018). A Rule 12(f) motion to strike "is not intended to procure the dismissal of all or part of a complaint." *Blake*, 318 F.R.D. at 700.

The Complaint seeks, *inter alia*, an award of attorneys' fees pursuant to Florida Statute § 641.28, which provides, "In any civil action brought to enforce the terms and conditions of a health maintenance organization contract, the prevailing party is entitled to recover reasonable attorney's fees and court costs."

Aetna's motion seeks to achieve a merits-based dismissal of Plaintiff's claim for attorneys' fees by narrowing the allegations in the Complaint. ("Plaintiff seeks recovery *only* for purported benefits provided by **either** '§ 641.513 and/or § 627.64196, Florida Statutes,' and not any [sic] the 'terms and conditions of [any] health maintenance organization contract.'" ECF No. 10 at 3 (emphasis in original) (footnote omitted)). However, as Plaintiff notes in its response, "it is suing pursuant to Florida

Statute 641.28 and has alleged in the alternative that Defendant is either an HMO or an Insurance Company." ECF No. 15 at ¶ 6. Notably, Defendant has not moved to dismiss any of the allegations in the Complaint.

At this early stage, I find Aetna's motion to be premature. I am not convinced that Plaintiff's demand for attorneys' fees has "no possible relation" to the case and there has been no allegation of prejudice to warrant the application of Rule 12. *See Richburg v. Carmel at California Prop. Owners Ass'n, Inc.*, No. 18-21944-CV, 2018 WL 8898940, at \*2 (S.D. Fla. Oct. 15, 2018). Thus, the District Court should decline to exercise the "drastic remedy" of striking Plaintiff's demand for attorneys' fees at this juncture. *See Crawford v. N. Am. Credit Servs., Inc.*, No. 6:23-CV-1780-RBD-DCI, 2023 WL 8018869, at \*2 (M.D. Fla. Nov. 20, 2023) (declining Rule 12(f) motion to strike affirmative defenses as premature).

## RECOMMENDATION

For the reasons stated above, I **RECOMMEND** that Defendant's Motion to Strike (ECF No. 10) be **DENIED.**

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the

3

district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THEY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**DONE AND SUBMITTED** in Chambers this 18th day of January, 2024, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE