UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-81524-CIV-CANNON

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC,

    Plaintiff,
v.

AETNA HEALTH AND LIFE
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATIONS [ECF No. 21]**

**THIS CAUSE** comes before the Court upon Magistrate Judge Reinhart's Report and Recommendation on Defendant's Motion to Strike Plaintiff's Demand for Attorneys' Fees (the "Report"), filed on January 18, 2024 [ECF No. 21].

***

On October 27, 2023, Plaintiff Neurosurgical Consultants of South Florida LLC ("Plaintiff") filed a Complaint against Defendant Aetna Health and Life Insurance Company ("Defendant") alleging that Defendant failed to reimburse certain charges relating to emergency medical care [ECF No. 1-2 pp. 5–7]. In the subject Complaint, Plaintiff alleges that it is entitled to attorney's fees from Defendant pursuant to either Florida Statute § 641.28 and/or Florida Statute § 627.428 [ECF No. 1-2 ¶ 14]. On November 29, 2023, Defendant removed this case to Federal Court [ECF No. 1]. Thereafter, on December 19, 2023, Defendant filed a Motion to Strike Plaintiff's Improper Demand for Attorneys' Fees [ECF No. 10]. The Court referred Defendant's Motion to Magistrate Judge Bruce E. Reinhart for a Report and Recommendation [ECF No. 14].

On January 18, 2024, Judge Reinhart issued a Report and Recommendation, recommending that Defendant's Motion to Strike be denied [ECF No. 21].  One day later, Plaintiff filed a Notice of No Objection [ECF No. 22].  Defendant did not file an objection to the Report, and the time to do so has expired [ECF No. 21 p. 3].

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.  Legal conclusions are reviewed de novo, even in the absence of an objection.  *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Following review, the Court finds no error in the well-reasoned Report, which correctly characterizes Defendant's motion as premature [ECF No. 21 p. 3].  A motion to strike under Rule 12(f) "is not intended to procure the dismissal of all or part of a complaint." *Blake v. Batmasian,* 318 F.R.D. 698, 700 (S.D. Fla. 2017).  Additionally, at this early juncture, striking Plaintiff's demand for attorneys' fees would be a "drastic remedy to be resorted to only when required for the purposes of justice"—a circumstance not present on this record.  *See Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown &*

*Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).[1] Therefore, the Court agrees with Judge Reinhart's recommendation that Defendant's Motion to Strike be **DENIED**.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 21] is **ACCEPTED**.

2. Defendant's Motion to Strike [ECF No. 10] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 6th day of February 2024.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:  counsel of record

---

[1] United States Court of Appeals Fifth Circuit decisions, as that court existed on September 30, 1981, decided prior to the close of business on that date are binding as precedent in the Eleventh Circuit, the district courts, and the bankruptcy courts in the circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).